IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHOBHA S. MODASIA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | No. 3:26-CV-951-O-BW |
| JOSEPH B. EDLOW, Director, | § | |
| U.S. Citizenship and Immigration | § | |
| Services, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## ORDER

On April 6, 2026, Plaintiff Shobha S. Modasia, proceeding pro se in this case, filed proof of service indicating that he served Defendants in this action by certified mail. (*See* Dkt. No. 7.)  The proofs of service, however, are subscribed to by Plaintiff. (*See id.*)

As the Court noted in its March 27 order, Federal Rule of Civil Procedure 4(c)(1) precludes Plaintiff from serving process on Defendant.  (Dkt. No. 6 at 1-2 (citing Fed. R. Civ. P. 4(c)(1) ("Any person who is at least 18 years old and *not a party* may serve a summons and complaint.") (emphasis added)).)  That is, Plaintiff cannot be the person who serves process in this case.  Plaintiff must instead arrange to have the defendants served by a process server or other qualified person.  The proofs of service filed on April 6 are therefore not effective.  Plaintiff remains under an obligation to effect service and demonstrate proof of service **no later than June**

---

[1] This pro se case was automatically referred to the undersigned magistrate judge for case management by Special Order 3-251.  (*See* Dkt. No. 1.)

**23, 2026**, which is 90 days after filing the complaint.  *See* Fed. R. Civ. P. 4(m).

Failure to serve Defendant by that deadline may result in the dismissal of this

lawsuit.

      **SO ORDERED** on April 7, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE